# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

### Brandon M. CORRAL
### Fireman (E-3), U.S. Coast Guard

**CGCMG 0289**
**Docket No. 1373**

**26 February 2014**

General Court-Martial convened by Commander, Coast Guard Pacific Area.  Tried at Alameda, California, on 2-5 April 2012.

| | |
|---|---|
| Military Judge: | CAPT Michael E. Tousley, USCG |
| Trial Counsel: | LT Luke R. Petersen, USCG |
| Assistant Trial Counsel: | LT Geralyn M. Van de Krol, USCG |
| Military Defense Counsel: | LT Sarah R. Dorsett, JAGC, USN |
| Assistant Defense Counsel: | LT Leigha B. Fassett, JAGC, USN |
| Appellate Defense Counsel: | CDR Ted R. Fowles, USCG |
| | LT Jonathan C. Perry, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

### BEFORE
### McCLELLAND, HAVRANEK & LUCE
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, Appellant was convicted of one specification of wrongfully and knowingly attempting to receive child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ).  The court sentenced Appellant to reduction to E-1 and a bad-conduct discharge. The Convening Authority approved the sentence.

Before this court, Appellant has assigned the following errors:

I.      The military judge improperly allowed S/A Conroy to offer testimony that should
have been characterized as expert opinion testimony, not as lay opinion testimony
under M.R.E. 701, which substantially prejudiced the rights of Appellant.

II.     The military judge erred in denying the defense motion to compel funding for expert
consultant.

We heard oral argument on both issues on 10 January 2014.  We affirm.

**Facts**

Appellant's wife found a webpage saved on Appellant's laptop computer, which
contained pictures that offended her of a preteen girl in suggestive poses and clothing.  (R. at
260.)  Ultimately she relinquished the computer to Coast Guard Investigative Services (CGIS).
(R. at 271-72; see also R. at 44, 60-61.)

Appellant was charged with possession of child pornography and attempting to receive
child pornography.  After charges were referred for trial, among Appellant's pretrial motions was
a motion to compel funding for computer forensic expert assistance.  (Appellate Ex. XXII.)  The
motion was denied before trial.  (Appellate Ex. XXIV.)

At a hearing under Article 39(a), UCMJ, on 2 April 2012, the Government sought to pre-
admit fifty-three images from Appellant's laptop computer.  The Government's witness was a
CGIS special agent, who testified to his extensive training, credentials and experience in
computer forensic examinations.  (R. at 70-71.)  He testified that a "forensic image" (copy) had
been made of the computer's hard drive, an "authentication hash" had been taken (allowing
verification that the copy was a true copy), and then he had conducted a forensic examination of
the forensic image.  (R. at 71-72.)  When he was asked whether he found evidence related to
child pornography during the examination, the defense objected.  The following colloquy
occurred.

DC:  Special Agent Conroy is not an expert.  So he would be unable to testify as
to what he was able to find.  He's not been qualified as an expert to be able to—

MJ:  Why does he have to be an expert?

DC: Sir, Special Agent Conroy went through a lot of his testimony as to what type of background he has had. . . . it seems that you have to have—

MJ: Is the question – is your issue that he doesn't know what child pornography is and that hasn't been put into evidence yet? Or is your issue that he doesn't know how to do what he's been trained to do?

DC: Well. Sir, our contention is that only an expert would be able to do what he has been trained to do.

MJ: Okay. Overruled.

(R. at 73-74.)

The special agent then answered the question, testifying that he found search terms consistent with child pornography and images "that we flagged as potential child pornography." (R. at 74.)

Ultimately, the military judge denied admission of the images as more unfairly prejudicial than probative. (R. at 112-15.)[1] However, he did not suppress all evidence derived from the computer. (R. at 117-18.) There was evidence about the images found on the computer that had not been admitted. The special agent, testifying before the members, described the images in a general way, in particular that there was one image "identified as the first frame of a known child pornography video." (R. at 310.) In addition, the defense offered an exhibit describing seventeen of the images and noting that for each of the seventeen images, it could not be determined whether the subjects were minors. (Defense Ex. A.)

Also, after the military judge suppressed the images, there was further testimony by the special agent concerning a history of search terms that had been typed into a Google toolbar on the computer. (R. at 119-20.) This history was represented by a file listing search terms, identified as "Googleimages.w". (R. at 121.)[2] The list of search terms was admitted as Prosecution Exhibit 1.[3] (R. at 146.)

---

[1] The two exhibits containing the images became Appellate Exhibits XLI and XLII. (R. at 146.)

[2] The term "Google2eimages.w" was used at one point. (R. at 127.) "Googleimages.w" was used at other points (R. at 128, 137, 142.) The transcript shows the witness specifically called it "Google%2eimages.w", not "Googleimages.w", toward the end of his testimony. (R. at 320.) All these terms clearly refer to the same file.

[3] The list included the terms "underage sex" and "child sex." (Prosecution Ex. 1.)

Later in the Article 39(a) session, the defense again raised the request for expert assistance. Counsel acknowledged that since the images had been excluded, the need for an expert was diminished, but with respect to the search terms that were admitted, an expert could help the defense explore "dominion and control issues," as well as other matters. (R. at 152-53.) The military judge again denied the motion for expert assistance. (R. at 153.)

Before the members, the special agent testified that he had examined a forensic image of the computer and found, among other things, a history of search terms that had been typed into a Google toolbar on the computer to search for images, which included search terms consistent with child pornography. (R. at 299-300.) This list of search terms was associated with the user profile "Brandon_Corral." (R. at 315.) There was one other profile on the computer, "owner," but it contained no significant activity. (R. at 316.)

There was also testimony from another witness that Appellant had orally confessed to viewing child pornography, as well as a written confession stating that he had viewed child pornography, with details. (Prosecution Ex. 3.)

## Expert testimony

Appellant argues that by permitting the witness's testimony to be treated as lay testimony, the military judge evaded his gate-keeping function to ensure the reliability of expert testimony.

This issue is broadly governed by Military Rules of Evidence[4] (M.R.E.) 701, on lay opinion testimony, and 702, on expert testimony, as amplified by *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 146 (1999). The primary consideration for expert testimony is the reliability of the testimony as based on both the witness's qualifications and the data, theory, or technique being used by the witness. *See United States v. Quintanilla*, 56 M.J. 37, 85 (C.A.A.F. 2001).

---

[4] Military Rules of Evidence, Manual for Courts-Martial, United States (2008 ed.). The provisions of the Manual for Courts-Martial cited in this opinion are identical in the 2008 and 2012 editions.

We review the military judge's ruling on this matter for abuse of discretion. *See United States v. Byrd*, 60 M.J. 4, 6 (C.A.A.F. 2004); *United States v. Barron*, 52 M.J. 1, 6 (C.A.A.F. 1999).

Although Appellant's brief is not clear on this point, counsel indicated at oral argument that the issue is not about the witness's qualifications, which were firmly established at trial, but about reliability of data, theory, and technique.

We first note that it is not clear this issue was raised at trial. The defense's objection early in the special agent's testimony that the special agent was not an expert, and therefore "would be unable to testify as to what he was able to find," appears to address the witness's qualifications; the issue of reliability as to data, theory, and technique was not articulated or even hinted at. However, the military judge responded "Overruled," without stating that he found the witness qualified as an expert. Especially given the context, it appears that he was ruling that the testimony did not require an expert. We will not consider the issue waived or forfeited.

We assume, without deciding, that the special agent did deliver some testimony in an expert capacity. It is clear that the special agent was qualified as an expert by virtue of his extensive training, credentials and experience. That being the case, under M.R.E. 702 he had considerable latitude to testify "in the form of an opinion or otherwise" on the matters upon which he testified as long as his principles and methods were reliable, he applied them reliably, and his testimony would "assist the trier of fact to understand the evidence or to determine a fact in issue." In his testimony, the special agent clearly explained the method he used to obtain the information. The method he described was not complicated, and the results he received from the method were directly relevant to the alleged offenses. We conclude the record contains sufficient evidence of reliability of his principles and methods and of their application, and surely his testimony assisted the trier of fact to understand the evidence and determine a fact in issue. Any error in the military judge's ruling was harmless.

**Expert consultant**

Appellant complains that the military judge denied his request for expert assistance, notwithstanding his showing of necessity. He asserts that expert assistance was needed to effectively cross-examine the Government's expert, the special agent; to conduct independent forensic testing of Appellant's computer to identify problems in the special agent's methodology; and to extract exculpatory and mitigating evidence from the computer. (Appellant's AOE & Brief at 13.)

A ruling on a request for expert assistance is reviewed for abuse of discretion. *United States v. Bresnahan*, 62 M.J. 137, 143 (C.A.A.F. 2005) (citing *United States v. Gunkle*, 55 M.J. 26, 32 (C.A.A.F. 2001)).

Appellant was entitled to an expert consultant upon a demonstration of necessity. *Id.* (citing *Gunkle*, 55 M.J. at 31). An accused "has the burden of establishing that a reasonable probability exists that (1) an expert would be of assistance to the defense and (2) that denial of expert assistance would result in a fundamentally unfair trial." *United States v. Freeman*, 65 M.J. 451, 458 (C.A.A.F. 2008) (citing *Gunkle*, 55 M.J. at 31-32). "To establish the first prong, the accused 'must show (1) why the expert assistance is needed; (2) what the expert assistance would accomplish for the accused; and (3) why the defense counsel were unable to gather and present the evidence that the expert assistance would be able to develop.'" *Id.* (quoting *Bresnahan*, 62 M.J. at 143).

The specific purposes for which an expert was sought, identified by the defense before and at trial, were (1) "dominion and control" issues (Appellate Ex. XXII at 6, 10; R. at 152); (2) file creation dates with respect to images (Appellate Ex. XXII at 11); (3) image source information (Appellate Ex. XXII at 6, 11-12; R. at 152); and (4) the ratio of child pornography to adult pornography on the computer, as a matter in mitigation (Appellate Ex. XXVIII at 3; R. at 152).

The defense acknowledged at trial that the second and third purposes, relating to images, were essentially moot given that the images were suppressed. (R. at 153.) It is significant, too,

that there was no evidence originating from the computer of child pornography images; there was only evidence of "files . . . consistent with going to websites that would have offered a child pornography image or video for either view or download." (R. at 310.) The single image that was identified as the first frame of a known child pornography video was not itself child pornography because the subject was clothed in that image. (R. at 340-41.)

As to dominion and control, under cross-examination, the special agent acknowledged that he could not tell who typed in the search terms. (R. at 323.)

Concerning the ratio of child pornography to adult pornography, Appellant's written confession recited in detail his viewing of pornography from the age of ten, with episodes of viewing child pornography beginning later. (Prosecution Ex. 3.) It appears from the confession that his viewing of child pornography was significantly less than his viewing of adult pornography. It is also evident from the confession that during the period covered by the charge, he was viewing pornography on public computers in addition to his own computer. Moreover, since there was no child pornography found on his computer, the amount of adult pornography on the computer would not affect the ratio, which would be zero in any event. Given these factors and the sentence, which included no confinement, we are convinced Appellant was not prejudiced by the lack of comparative evidence that child subjects were a low percentage of his total image-viewing on his computer.

It certainly cannot be said that the military judge's ruling on the motion for expert assistance resulted in a fundamentally unfair trial. We do not believe Appellant established that expert assistance was necessary. Hence, the military judge did not abuse his discretion by denying expert assistance to Appellant. Even if he did, the error was harmless.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges HAVRANEK and LUCE concur.



For the Court,


Joseph M. Guyton
Clerk of the Court